# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRITTNEY HALLMAN, *on behalf of herself and all other similarly situated*, | )<br>)<br>) |
| | ) Case No.: |
| *Plaintiffs,* | )<br>) |
| v. | )<br>) |
| FLAGSHIP RESTAURANT GROUP, LLC, | ) CLASS ACTION<br>) COLLECTIVE ACTION |
| Serve: Registerd Agent<br>Koley Jessen P.C., L.L.O.<br>1125 S. 103rd Street, Suite 800<br>Omaha, NE 68124 | ) DEMAND FOR JURY TRIAL<br>)<br>)<br>)<br>) |
| *Defendant,* | ) |

## COMPLAINT

Brittney Hallman ("Plaintiff"), on behalf of herself and all others similarly situated, by and through counsel, and for her complaint against Flagship Restaurant Group LLC ("Defendant," "Flagship Restaurant Group," or "Flagship"), hereby states and alleges as follows.

## PRELIMINARY STATEMENT

1. Plaintiff is a former employee of Defendant's Blue Sushi Sake Grill location in Kansas City, Missouri. Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendant for unpaid minimum wage and overtime compensation and related penalties and damages.

2. Flagship Restaurant Group owns and operates a number of restaurant brands in several states, including Blue Sushi Sake Grill (20 locations), Clio (1 location), Memoir (1 location), Pyro (1 location), Palma (1 location), Châm Pang Lanes (1 location), Ghost Donkey (2

locations), Plank Provisions (3 locations), Anthem (1 location), Blatt Beer & Table (3 locations), Flagship Commons (1 location), Revival House (1 location), and Roja Mexican Grill (1 location).

3. At all times relevant to this action, the restaurants comprising Flagship Restaurant Group, including Blue Sushi Restaurants, shared common ownership and control. Accordingly, Flagship Restaurant Group adopted similar wage payment policies at each location throughout the country.

4. Defendant's policies and practices deny minimum wages and overtime pay to servers/bartenders working at its restaurants. Defendant's failure to pay employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and state and common laws, as further set forth below.

5. Plaintiff previously worked as a server, bartender and/or trainer for Blue Sushi Restaurants.

6. This lawsuit is a hybrid collective and class action action pursuant to 29 U.S.C. § 216(b) of the FLSA.

## JURISDICTION AND VENUE

7. This court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

8. This Court has supplemental subject matter jurisdiction over the state and common law claims as set forth below under 28 U.S.C. § 1367 because the claims arising under state law are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

9. This court has general personal jurisdiction over the Defendant because Flagship Restaurant Group is based in this judicial district, with its principal office in Omaha, NE. On

information and belief, at least one member of the Defendant LLC is a resident of Nebraska. The defendant can be served through its registered agent, Koley Jessen P.C., L.L.O., at 1125 S. 103rd Street, Suite 800, Omaha, NE 68124.

10. Venue is proper in this court under 28 U.S.C. § 1391(b) because Defendant resides in this judicial district.

## PARTIES

1. Plaintiff Brittney Hallman was employed as a server/bartender at a Blue Sushi Sake Grill location in Kansas City, Missouri, from February 2023 until June 2024.

2. Defendant is a limited liability company organized and existing under the laws of the state of Nebraska with its principal place of business there. Flagship Restaurant Group owns and operates Blue Sushi locations across the country, including the location where Plaintiff worked. On information and belief, Flagship Restaurant Group sets uniform policies and pay practices for all such restaurants.

3. At all times relevant to this action, the restaurants comprising the Flagship Restaurant Group were authorized to do business and continue to do business in the states of Alabama, Arizona, Colorado, Illinois, Indiana, Iowa, Kansas, Kentucky, Missouri, Nebraska, Ohio, Tennessee and Texas.

4. At all times relevant to this action, Flagship Restaurant Group was the employer of the Plaintiff and all other similarly situated employees and is thus liable to Plaintiff and all others similarly situated as an employer, joint employer, single employer, and/or otherwise, according to statutory and common law.

# COLLECTIVE AND CLASS ACTION ALLEGATIONS

5. Plaintiff brings Count I, the FLSA claim for servers/bartenders, as an opt-in collective action according to 29 U.S.C. § 216(b) on behalf of herself and on behalf of the following class of persons:

> All people employed as servers/bartenders by Flagship Restaurant Group within three years of the commencement of this action.

6. Plaintiff brings Counts II and III pursuant to the Missouri Minimum Wage Law ("MMWL"), R.S. Mo. §§ 290.500 *et seq.*, and Nebraska common law as a class actions under Fed. R. Civ. P. 23. Plaintiff, individually and on behalf of others similarly situated, seeks relief on a class basis challenging Flagship Restaurant Group's practice of undercompensating Plaintiff and others similarly situated. The Rule 23 classes are defined as:

> MISSOURI CLASS
> All Flagship Restaurant Group servers/bartenders employed by Defendant in the state of Missouri within three years of filing this action. §290.502, RSMo.
>
> NATIONWIDE UNJUST ENRICHMENT CLASS
> All Flagship Restaurant Group serviers/bartenders employed by Defendant nationwide within three years of filing this action.

7. The classes satisfies the numerosity standards because on information and belief, the Missouri class numbers in excess of forty (40) people, and the nationwide class numbers in the hundreds of people. As a result, the joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct and electronic mail and notices posted in the restaurant.

8. There are questions of fact and law common to the classes that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Flagship Restaurant Group's actions include, without limitation, the following:

a. Whether all class members were paid based on the "tip credit."

b. Whether Flagship Restaurant Group properly notified all class members of its intent to take the tip credit;

c. Whether Flagship Restaurant Group was entitled to take from class members' tips a credit against minimum wages for some or all of the hours worked by the class members.

d. Whether Flagship Restaurant Group recorded the amount of time spent performing non-tip-producing activities.

e. Whether Flagship Restaurant Group knew or had reason to know its policies and compensation practices were unlawful.

f. Whether Flagship Restaurant Group retained benefits from such unlawful policies and compensation practices that should have justly gone to the class members.

9. The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper, as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

10. The named Plaintiff's claims are typical of those of the class in that class members have been paid according to the same compensation structure as the named Plaintiff and were subject to the same or similar unlawful practices as the named Plaintiff.

11. A class action is an appropriate method for the fair and efficient adjudication of this controversy. Flagship has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Flagship Restaurant Group, and/or substantially impair or impede the ability of class members to protect

their interests.

12. The named Plaintiff is an adequate representative of the class because her interests do not conflict with those of the class members she seeks to represent. The interests of the class members will be fairly and adequately protected by the named Plaintiff acting as class representative and by their undersigned counsel, who has experience in employment and class action lawsuits.

13. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each class member who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interests of efficiency and judicial economy.

14. The FLSA claim may be pursued by those who opt in to this case, according to 29 U.S.C. § 216(b).

15. Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a collective basis challenging Flagship's FLSA violations. The number and identity of other plaintiffs yet to opt in and to consent to be party plaintiffs may be determined from the records of Flagship Restaurant Group, and potential class members may easily and quickly be notified of the pendency of this action.

16. To the extent required by law, notice will be provided to said individuals via first-class mail, email, and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## COUNT I
## Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

17. Plaintiff realleges the allegations as set forth above.

18. At all times relevant to this action, the Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

19. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

20. Flagship is subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

21. At all times relevant to this action, Flagship has been and continues to be an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

22. At all times relevant to this action, Flagship has employed and/or continues to employ "employee[s]," including the Plaintiffs and all similarly situated employees.

23. At all times relevant to this action, Flagship has had gross operating revenue in excess of $500,000 (Five Hundred Thousand Dollars).

24. The Plaintiff was employed by Flagship Restaurant Group. During her employment, she was a servers (and trainer) for the Defendant.

25. During the statutory period, the Plaintiff, the putative collective and class members were paid an hourly wage of $6.15 or, in some cases, other rates below minimum wage to take a credit against tips received. Even on days when the Plaintiff was a "trainer," she was still required to clock in at a rate lower than minimum wage.

26. During her employment with Defendant during the statutory period, Defendant required Plaintiff to engage in non-tip-producing activities, such as rolling silverware, cleaning tables, and a variety of other side work for more than 20% of her time.

27. Before and during the Plaintiff's employment, Flagship Restaurant Group employed numerous other servers/bartenders who had the same job duties and compensation structure that she did. Similar to the Plaintiff, those employees were also required to perform a significant amount of side work.

28. On information and belief, Defendant continues to employ numerous servers/bartenders with the same job duties and compensation structure Plaintiff had when employed there, including the requirement that they perform a significant amount of side work.

29. The Plaintiff and all similarly situated employees have substantially similar job requirements and pay provisions, and they are subject to Flagship's common policy and practice of refusing to correctly pay minimum wages and overtime wages in violation of the FLSA.

30. The FLSA requires employers such as Flagship Restaurant Group to pay all non-exempt employees overtime compensation, at a rate of not less than one-and-one-half times the minimum wage, for work performed over 40 hours in a workweek.

31. The Plaintiff and all similarly situated employees are not exempt from the right to receive the federal minimum wage and overtime pay under the FLSA and from the requirement that their employer pay them minimum wage and/or overtime compensation under the FLSA.

32. At all times relevant to this action, Flagship Restaurant Group had a policy and practice of failing to properly pay minimum wages because it violated the rules for using the tip credit, including by requiring servers/bartenders to spend more than 20 percent of their time

engaged in non-tip-producing activities. Flagship also had a policy that it did not pay for all overtime hours worked.

33. Additionally, for at least part of the statutory period, upon information and belief, Defendants failed to provide the proper notice, according to 29 C.F.R. § 531.59, to its employees paid under the tip credit that would permit them to take a credit against the Federal Minimum Wage requirements.

34. Flagship's failure to properly compensate Plaintiffs and all others similarly situated under the tip credit rules and overtime rules constitutes a violation of the FLSA's minimum wage requirements, 29 U.S.C. §201, *et. seq.*

35. Flagship's violation of the FLSA is continual in that it continues to pay its servers/bartenders under the same unlawful policies and procedures that are outlined in detail herein.

36. Flagship's conduct constitutes a willful violation of the FLSA, as defined in 29 U.S.C. § 255(a).

37. Flagship has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime described according to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the court find that the defendant did not act willfully in failing to pay overtime pay, the plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

38. Due to the aforesaid violations of the FLSA's tip credit and overtime pay provisions, Flagship Restaurant Group unlawfully withheld proper minimum wage and overtime

compensation from the Plaintiff. Accordingly, Plaintiff and all others similarly situated seek damages in the amount of all respective unpaid minimum wage and overtime, plus liquidated damages, prejudgment and post-judgment interest, and reasonable attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the court deems and proper.

**WHEREFORE**, Plaintiff and all similarly situated employees demand judgment against Flagship Restaurant Group and pray this court:

a. Issue notice to all similarly situated employees of Flagship Restaurant Group informing them of their right to file a consent to join the FLSA portion of this action.

b. Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b).

c. Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law.

d. Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by 29 U.S.C. § 216(b).

e. Issue a declaration that Flagship Restaurant Group has violated state and federal laws.

f. Award Plaintiff and all similarly situated employees such other relief as the court deems fair and equitable.

## COUNT II
**Violation of the Missouri Minimum Wage Law, R.S. Mo. §§ 290.500 *et seq.***

39. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

40. Plaintiff and the putative Missouri class were employed by the Defendant in Missouri, and were paid wages below the minimum wage pursuant to the state law of Missouri.

41. The Missouri Minimum Wage Law incorporates the minimum wage and overtime provisions of the Fair Labor Standards Act, R.S. Mo. § 290.505.

42. Defendant often required the Plaintiff and the putative class to work more than forty (40) hours per week.

43. The plaintiff and the putative class were not properly compensated for this work at the applicable rate of pay.

44. The Plaintiff and the putative class were treated as non-exempt employees by the Defendant.

45. These "similarly situated" employees were compensated at a tip credit rate, regardless of activity and regardless of the fact they regularly spent more than 20 percent of their time performing non-tip-producing activities.

46. During the pertinent time periods, the proper rate of pay Missouri law exceeded the state's tip credit rate.

47. The state wage laws in Missouri require each covered employer, such as Defendant, to compensate all non-exempt employees for services performed at the proper rate of pay and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

48. Members of the prospective Missouri class are similarly situated in that they are all subject to Defendant's identical compensation policies and plan, which fail to compensate them at the full minimum wage for the time, including the time they spend engaged in non-tip-producing activities that exceed 20 percent of their work.

49. These employees are also similarly situated in that they are all subject to Defendant's identical compensation policies and plan, which requires them to pool their tips with non-tip-earning employees.

50. The Plaintiff, on behalf of themselves and all similarly situated employees of Defendant who compose the putative Missouri Class, seek damages in the amount of all respective unpaid minimum wages and straight time plus overtime compensation at a rate of one and one-half times the proper, and legal rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by Missouri law, R.S. Mo. § 290.527.

51. The Plaintiff, on behalf of themselves and all similarly situated employees of Defendant who compose the putative class, seek recovery of all attorney fees, costs, and expenses of this action to be paid by Defendant, and all other relief that the Court deems just and proper.

**WHEREFORE**, The Plaintiff, on behalf of themselves and all proposed class members, prays for relief as follows:

a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members, apprising them of the pendency of this action;

b. Designation of the Plaintiff as Representative Plaintiff, acting for and on behalf of the putative class members;

c. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d. An award of damages of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiff and the putative class by the Defendant;

f. Costs and expenses of this action incurred herein;

g. Reasonable attorneys' fees and expert fees;

h. Pre-Judgment and Post-Judgment interest, as provided by law; and

i. Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT III
## QUANTUM MERUIT/UNJUST ENRICHMENT

1. The Plaintiff realleges the allegations as set forth above.

2. Flagship Restaurant Group has been and is being enriched by making deficient payments for work performed by the Plaintiff and other similarly situated employees. Flagship has been and is being enriched at the expense of the Plaintiff and other similarly situated employees because the Plaintiff and others were not properly compensated for their work.

3. Flagship Restaurant Group intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked. Flagship knows or should know the proper rate of pay for the Plaintiff and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Flagship.

4. It is unjust for Flagship to retain the benefits from the unpaid work performed by the Plaintiff and other similarly situated employees.

**WHEREFORE**, the Plaintiff, on behalf of herself and all proposed class members, pray for relief as follows:

a. Designate this action as an action on behalf of the proposed putative class members and promptly issue notice to all putative class members (the Unjust Enrichment class) to apprise them of its pendency.

b. Designation of the named Plaintiff, acting for and on behalf of the putative class members.

c. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same.

d. An award of restitution of the full amount of the wage rate, less the amounts actually paid to Plaintiff and the putative class by Defendants.

h. Prejudgment and post-judgment interest, as provided by law.

i. Any and all such other and further relief as this court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all causes of action and claims with respect to which he has a right to trial by jury.

HKM EMPLOYMENT ATTORNEYS LLP

*/s/ Kevin A. Todd*
| John J. Ziegelmeyer III* | MO No. 59042 |
| Kevin A. Todd* | MO No. 73048 |

jziegelmeyer@hkm.com
ktodd@hkm.com
1501 Westport Road
Kansas City, Missouri 64111
816.875.3332

*Admitted to Practice in D. Neb.

ATTORNEYS FOR PLAINTIFF