IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRITTNEY HALLMAN, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FLAGSHIP RESTAURANT GROUP, LLC,<br><br>Defendant. | 8:24CV222<br><br>MEMORANDUM AND ORDER |

This matter comes before the Court on Plaintiff's Motion for Protective Order, Corrective Notice, and Equitable Estoppel. Filing No. 6. For the reasons stated herein, the motion is denied without prejudice to reassertion.

On June 14, 2024, Plaintiff, Brittney Hallman, filed a putative class action complaint against Defendant, Flagship Restaurant Group, alleging wage-related violations of the Fair Labor Standards Act and the Missouri Minimum Wage Law. Filing No. 1. Six days later, June 20, Hallman filed her motion seeking a protective order. Filing No. 6. Hallman alleges Defendant's director of operations has improperly contacted prospective class members to dissuade them from joining the lawsuit and has contacted Hallman herself to encourage her to dismiss her suit. Id. at 2. She asks the court to:

> (1) issue a protective order prohibiting Defendant, or its agents, employees, and assigns, from contacting the named Plaintiff or the putative class members without the prior knowledge and consent of either Plaintiff's counsel or the Court; (2) order that a corrective notice be issued to all prospective class members, at Defendant's expense; (3) equitably estop Defendant from raising a statute of limitations defense to FLSA claims arising on or after June 18, 2021.

Id. at 4.

1

Hallman does not explain the basis for her request for relief.  Ordinarily, a protective order would be discussed during the parties' required conference pursuant to Federal Rule of Civil Procedure 26(f).  Such a conference has not occurred because Hallman has not served Defendant yet.  To the extent Hallman may want an earlier protective order, she has not shown that she has attempted to confer with Defendant about it prior to contacting the Court and filing her motion.

Alternatively, it is possible Hallman is seeking relief under either the rule governing class actions, Federal Rule of Civil Procedure 23, or the rule governing injunctive relief, Federal Rule of Civil Procedure 65.  In conducting a class-action lawsuit, "the court may issue orders that . . . impose conditions on the representative parties or on intervenors." Fed. R. Civ. P. 23(d)(1)(C).  However, a Rule 23(d) "order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties."  *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981); *see also Great Rivers Co-op. of Se. Iowa v. Farmland Indus., Inc.*, 59 F.3d 764, 766 (8th Cir. 1995) ("In a class-action lawsuit, a district court may not order restraints on speech under Fed. R. Civ. P. 23(d) except when justified by actual or threatened misconduct of a serious nature.").  Hallman has presented no evidence upon which the Court could make factual findings or base a ruling under Rule 23(d).

Likewise, if the Court were to treat Hallman's motion as one seeking injunctive relief, it lacks adequate support.  A temporary restraining order can be issued without notice to the opposing party only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the

movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). As explained above, the defendant has not yet appeared in the case, yet Hallman provides neither verified facts nor an explanation of why she cannot serve the defendant. The Court notes Hallman includes a copy of a cease-and-desist letter sent to Defendant, thus indicating she has the ability to serve and provide notice of this lawsuit and motion to Defendant.

Even if the injunction were not requested ex parte, Hallman has failed to provide the Court will adequate information and evidence upon which it could issue an injunction. In particular, in assessing motions requesting injunctive relief, the Court is required to consider: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). Because injunctive relief is an extraordinary remedy, the movant bears the burden of establishing the propriety of issuing a preliminary injunction. *Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994). Hallman has provided no analysis or information regarding any of the *Dataphase* factors and has not met her burden of showing a temporary restraining order or preliminary injunction is warranted.

It seems to the Court that Hallman's request is premature but may be warranted at a later stage in the case. If Hallman deems it appropriate to re-file her motion at a later date, she is cautioned to ensure it meets the requirements of the applicable rule(s) of civil procedure as set forth above. Accordingly,

3

IT IS ORDERED:

1. Plaintiff's Motion for Protective Order, Corrective Notice, and Equitable Estoppel, Filing No. 6, is denied without prejudice to reassertion at a later date.

2. Plaintiff is ordered to serve Defendant and provide it with notice of this lawsuit. Thereafter, Plaintiff and Defendant shall engage in a pre-answer meet and confer regarding how the parties may contact prospective class members. If the parties cannot agree on the parameters for contact with prospective class members, they may either contact the magistrate judge to set a conference to discuss entry of a disputed protective order or Plaintiff may file a properly supported motion seeking injunctive relief or an order under Rule 23(d) at that time.

Dated this 20th day of June, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge