IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRITTNEY HALLMAN, on behalf of herself and all other similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>FLAGSHIP RESTAURANT GROUP, LLC,<br><br>Defendant. | 8:24CV222<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the defendant Flagship Restaurant Group's motion to certify an interlocutory appeal under 28 U.S.C. § 1292(b), Filing No. 90. This is an action wherein the plaintiff asserts individual and collective claims for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). Plaintiff Brittney Hallman, on behalf of herself and other similarly situated employees, asserts Defendant Flagship Restaurant Group, LLC ("Flagship"), operated unlawful tip credit practices and failed to pay lawful overtime compensation. Filing No. 83 at 5.

## BACKGROUND

Flagship, a Nebraska company, owns and operates a number of restaurant brands in several states, including twenty locations of Blue Sushi Sake Grill ("Blue Sushi"). Filing No. 63 at 1–2, ¶ 2.[1] Hallman is a former Flagship employee at the Blue Sushi in Kansas City, Missouri. *Id.* at 1, ¶ 1. During her employment, Hallman was a server and trainer. *Id.* at 9, ¶ 50. In her Second Amended complaint, she alleges Flagship's policies and

---

[1] Flagship also owns Clio (1 location), Memoir (1 location), Pyro (1 location), Palma (1 location), Châm Pang Lanes (1 location), Ghost Donkey (2 locations), Plank Provisions (3 locations), Anthem (1 location), Blatt Beer & Table (3 locations), Flagship Commons (1 location), Revival House (1 location), and Roja Mexican Grill (1 location).

1

practices regarding servers and bartenders working at its restaurant violate the FLSA. *Id. at 2*, ¶4.

Hallman moved the Court to (a) conditionally certify a class of employees and (b) approve of several notices and their dispatch, including a Notice (Filing No. 83-6), Consent to Join Form (Filing No. 83-8) and Text Message notice (Filing No. 83-7). The Court granted the motion to allow conditional certification and the motion for notices but denied the motion for text messages. Filing No. 89.

## DISCUSSION

Under 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

*Id.* That statute establishes "three criteria for certification: (1) the order must involve a controlling question of law; (2) there must be a substantial ground for a difference of opinion; and (3) the certification must materially advance the ultimate termination of the litigation." *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) (quoting *Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir. 1979). The party requesting certification bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted. *Id.* at 376. Also, "permission to allow interlocutory appeals should be granted sparingly and with discrimination" due to the additional burdens that such

2

appeals place on both the courts and the litigants. *Union Cnty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (quoting *White*, 43 F.3d at 376).

The Court has analyzed the defendant's position and finds that leave to file an interlocutory appeal should be granted. The Court carefully reviewed the motion, brief in support, and the index of evidence. Filing No. 90, Filing No. 91, and Filing No. 92. Plaintiff did not file a response. First, it appears that this involves a controlling question of law as to the standard to be applied in this and similar cases. Circuits are split on the construction, and the Eighth Circuit has not yet weighed in on the issue. A decision by the Eighth Circuit might impact the result in this case. Second, there is substantial difference of opinion, given the diversity of standards used by the various courts, both in and out of the Eighth Circuit. These standards include a two-step, "conditional" framework for certification; a middle standard; and a third much stricter standard. Third, the Court thinks a decision might substantially advance the case, saving substantial resources for the Court and the parties.

**THEREFORE, IT IS ORDERDED THAT:**

1. Defendant's motion for interlocutory appeal, Filing No. 90, is granted.
2. All deadlines orders are hereby stayed until such time as the Eighth Circuit makes a decision on this appeal. The parties are instructed to notify the Court of all updates by the Eighth Circuit.

Dated this 2nd day of December, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge